# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 96-41256
Summary Calendar

SUSAN BALDWIN,

Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH
AT GALVESTON; GARLAND D. ANDERSON,
Dr.; JOHN C. JENNINGS; ALVIN L. LEBLANC,
M.D.; CATHY VAN HOOK, M.D.; BEREL HELD,
M.D.; TURNER SHARP, M.D.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(G-95-CV-362)

July 21, 1997

Before POLITZ, Chief Judge, JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Susan Baldwin appeals an adverse summary judgment dismissing her claims

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of (1) intentional race discrimination under 42 U.S.C. §§ 1981, 1983, 1985, and 2000d and (2) defamation under the laws of Texas. Baldwin, who was a third-year medical resident at the University of Texas Medical Branch at Galveston, claims that she was not promoted to her fourth year of residency solely because of her race.

Baldwin's case is totally devoid of merit. The record does not contain a single piece of evidence indicating that Baldwin was not promoted because of her race. To show racial bias, counsel for Baldwin primarily relies on one of Baldwin's evaluations which contains the phrase "innate inability to be taught." The purportedly racially offensive word is "innate." The argument counsel advances based thereon exceeds the limits of logical reasoning and sorely tests this court's patience as it obviously did the district court. The record is abundantly clear that the decision not to promote Baldwin was based solely upon her poor surgical skills as reflected in numerous performance evaluations. That the word "innate" was used in a detailed discussion of Baldwin's shortcomings as a surgeon does not create a triable issue of fact regarding whether the hospital's proffered reasons for the failure to promote were pretextual. Baldwin's other arguments regarding pretext are equally meritless.

Baldwin also maintains that the district court erred in granting summary

judgment because it did not permit the conduct of adequate discovery on the merits of the lawsuit. The record reflects neither abuse of discretion nor error on the part of the district court.

Counsel is cautioned to be cognizant of the requirements of Rule 11 of the Federal Rules of Civil Procedure in all future filings in this court and in the trial courts in this circuit. A failure to comply therewith will be at counsel's peril.

The judgment appealed is AFFIRMED.